**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Rocks-Macqueen, | No. CV-25-02564-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Central Intelligence Agency, et al., | |
| Defendants. | |

Plaintiff Michael Rocks-Macqueen filed his original complaint naming as defendants the Central Intelligence Agency, "John L. Ratcliffe acting CIA Director," and "William J. Burns previously acting CIA Director." (Doc. 1 at 1.) Rocks-Macqueen alleged a claim under the Freedom of Information Act based on the failure to provide him with "all CIA records related to himself." (Doc. 1 at 1.) Rocks-Macqueen alleged that information could not be withheld because it had been "publicly broadcast on CBS and Fox subsidiaries." (Doc. 1 at 2.) The original complaint also alleged claims for violations of Rocks-Macqueen's constitutional rights based on CIA agents using "public and private resources to surveil, suppress, defame, manipulate, and psychologically target" him." (Doc. 1 at 3.)

On August 6, 2025, Rocks-Macqueen filed a "Motion for Leave to Amend Complaint to Add Additional Parties." (Doc. 16.) According to that filing, Rocks-Macqueen attempted to file a writ of certiorari with the United States Supreme Court but "Clerk Scott S. Harris" sent a letter rejecting the filing. (Doc. 16 at 15.) Rocks-Macqueen

wishes to name Harris as a defendant for "interfering with due process." (Doc. 16 at 5.) Rocks-Macqueen also wishes to amend his complaint to include the following new defendants:

- Paramount Global and Fox Corporation for "psychological targeting, and coordinated Truman Show-style manipulation of [his] life without consent" (Doc. 16 at 39, 43);
- Palantir Technologies Inc. for providing other entities "high-level behavioral, biometric, and event-driven metadata" about Rocks-Macqueen (Doc. 16 at 56);
- Meta Platforms, Inc. for suppressing his speech (Doc. 16 at 63);
- LexusNexus for "data manipulation and fraud" (Doc. 16 at 95); and
- X corp. for violating the First Amendment (Doc. 1 at 99).

Upon review of the complaint and the allegations in the motion to amend, this case is dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). There is no arguable basis when the facts alleged "are fanciful, fantastic and delusional." *Frost v. Office of Attorney Gen.*, No. 17-cv-04983-JSW, 2018 WL 6704137, at *1 (N.D. Cal. Dec. 20, 2018) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Claims based on such facts "cannot serve as the basis for federal jurisdiction." *Tr. v. Am. Honda Fin. Corp.*, No. 2:16-cv-1237-ODW-SS, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (noting "a district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Rocks-Macqueen's claims are insubstantial and the court exercises its authority to sua sponte dismiss the complaint and this action for lack of subject matter jurisdiction. *See Neitzke*, 490 U.S. at 327 n.6.

1        **IT IS ORDERED** the Motion to Amend (Doc. 16) is **DENIED**.

2        **IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED**
3    **WITHOUT LEAVE TO AMEND**. The Clerk of Court shall close this case.

4        Dated this 7th day of August, 2025.

_____<br>
Honorable Krissa M. Lanham<br>
United States District Judge